

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable David E. Mulcahy
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-1034
Re: Whether or not the Commissioners'
Court is authorized to buy law
books for the Court of Civil Ap-
peals' library, and if so, out
of what funds.

This department has fully considered your request
for an opinion as contained in your letter of June 22, per-
taining to the purchase of law books by the Commissioners'
Court for the Court of Civil Appeals' library, 8th Judicial
District, El Paso, Texas. In connection with this matter
we also have considered along with your request a letter
addressed to Honorable Gerald C. Mann, Attorney General, by
Honorable J. I. Driscoll, Clerk of the El Paso Court of
Civil Appeals, 8th Supreme Judicial District, whose letter,
under date of June 23, calls to our attention the acts of
the 32nd Legislature of 1911, chapter 120, found on page 269
of the General Laws of Texas, which Act, amending Article 21
of the Revised Civil Statutes of Texas, contains the provi-
sion of Section 4 thereof, which is set forth in said letter
as follows:

"And providing further that if said Court
is located at El Paso the citizens thereof will
furnish, provide and equip suitable room or rooms
for said court and the members therof and the
necessary law libraries therefor, without cost or
expense to the State."

After due consideration of the matter in hand, we
agree with the conclusions you have reached in your letter,
as we do not find any statutory authority either expressed
or implied, authorizing the Commissioners' Court to expend
funds for buying books for the Court of Civil Appeals' Law

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Library. We are unable to construe the above provision of
Section 4, chapter 120, of the Acts 1911, 52nd Legislature,
creating and establishing said Court of Civil Appeals as
authorizing the Commissioners' Court to expend county funds
for maintaining same.

Our attention is directed further to the Acts of
1911, 32nd Legislature, 1st Called Session, chapter 3, and
on page 38 of the General Laws, we find that an appropria-
tion was made for "books for maintenance of Library" in the
sum of $1250.00 for the biennium beginning September 1, 1911,
and ending August 31, 1913, which appropriation was made for
the El Paso Court of Civil Appeals, 8th Supreme Judicial Dis-
trict. As far as we are able to find, each Legislature has
made specific appropriations for the particular purpose to
each of the Courts of Civil Appeals in all eleven Supreme
Judicial Districts; The 45th Legislature, H. B. 838, chap-
ter 463, page 1157, General Session Laws, in its appropria-
tion for the support and maintenance of the judiciary,
appropriated $1250.00 to the Court of Civil Appeals, 8th
Judicial District and similar courts for "books for library".
In Section 2, chapter 463 of said H. B. 838, we find the
following provisions:

"All amounts appropriated in this Act for
law books, or expended therefor under authority
of this Act, shall be paid out of the general
fund and the special accounts in the general
fund is hereinafter provided. In accordance
with provisions of chapter 104 of the printed
General Laws of the Regular Session of the 44th
Legislature, the several Courts of Civil Appeals
are hereby authorized to purchase additional law
books out of their local receipts, and there is
hereby appropriated to each of said Courts for
such purposes for each of the fiscal years end-
ing August 31, 1938, and August 31, 1939, the
sum of Six Hundred and Twenty-five Dollars ($625.00)
out of their local receipts in addition to the
specific amounts herein appropriated for library
books for said courts; provided further, And in
accordance with said law that any of said Courts
of Civil Appeals receiving a specific appropria-
tion of less than Six Hundred and Twenty-five Dol
lars ($625.00) per year for library books shall
not expend from said local receipts more than the
said specific amount herein appropriated."

Chapter 104 of the Acts of 1935, 44th Legislature, referred to above, in Section 2 of the appropriation to the judiciary, and to which you referred in your letter, will be found incorporated in the Revised Civil Statutes of 1925 as Article 1836a, Section 1-a. The legislation aforementioned forestalls any further question of such powers fand authority being conferred upon the Commissioners' Court to purchase law books for the libraries belonging to the judiary in question out of county funds.

You are therefore respectfully adivised that it is theopinion of this department that the Commissioners' Court of El Paso County does not have the authority to purchase law books from county funds for the use of the Court of Civil Appeals' library, 8th Supreme Judicial District, El Paso.

In compliance with your request, we enclose copy of our Opinion O-690.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By            /s/
             Wm. J. R. King
                Assistant

WmK:jm
Enc.

APPROVED JUL 14, 1939

W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion
Committee
By     WRK
      Chairman